1

2

3

4                     UNITED STATES DISTRICT COURT

5                    NORTHERN DISTRICT OF CALIFORNIA

6

7    TOROMI RADEL WASHINGTON,                 Case No.  15-cv-01931-JST (PR)

          Plaintiff,
8                                             **ORDER OF DISMISSAL WITH LEAVE**
                                              **TO AMEND; DENYING MOTION FOR**
9            v.                               **"JACKSON DENNO" HEARING**

10   SANTA CLARA COUNTY, et al.,              Re: Dkt. No. 5

          Defendants.
11

12

13        Plaintiff, an inmate currently at La Palma Correctional Center in Eloy, Arizona, has filed

14   this pro se civil rights action under 42 U.S.C. § 1983.  The Court granted him leave to proceed in

15   forma pauperis by separate order.  ECF No. 6.  His complaint is now before the Court for review

16   under 28 U.S.C. § 1915A.

17                                   **DISCUSSION**

18   A.    Standard of Review

19        A federal court must conduct a preliminary screening in any case in which a prisoner seeks

20   redress from a governmental entity or officer or employee of a governmental entity.  See 28

21   U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any

22   claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

23   monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1),

24   (2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police

25   Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

26        Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

27   claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the

28   statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon

United States District Court
Northern District of California

1   which it rests.'" Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although

2   in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's

3   obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and

4   conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .

5   Factual allegations must be enough to raise a right to relief above the speculative level." Bell

6   Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint

7   must proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 1974.

8        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

9   (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

10   the alleged violation was committed by a person acting under the color of state law. See West v.

11   Atkins, 487 U.S. 42, 48 (1988).

12   B.   Legal Claims

13        As plaintiff's complaint currently reads, the Court cannot determine what the contours of

14   plaintiff's claims are.  It appears that plaintiff is challenging his criminal proceedings, which

15   occurred in Santa Clara County in 2005.  Plaintiff seems to allege that over the course of his

16   criminal proceedings, he was under the influence of psychotropic medication (paxil and

17   trazodone) that he was "court ordered" to ingest.  Compl. at 3.  According to plaintiff, the

18   medication left him in a "neuroleptic state" that rendered him unable to understand the

19   proceedings against him. Id. at 7.  Because the complaint has several deficiencies which plaintiff

20   must correct, the Court will dismiss the complaint with leave to amend.

21        First, plaintiff cannot challenge his criminal conviction in a Section 1983 action without

22   first demonstrating that the conviction or sentence has been invalidated.  In Heck v. Humphrey,

23   512 U.S. 477 (1994), the United States Supreme Court held that a suit for damages on a civil

24   rights claim concerning an allegedly unconstitutional conviction or imprisonment cannot be

25   maintained absent proof "that the conviction or sentence has been reversed on direct appeal,

26   expunged by executive order, declared invalid by a state tribunal authorized to make such

27   determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28

28   U.S.C. § 2254." Heck, 512 U.S. at 486.  Under Heck, the Court is required to determine whether a

United States District Court
Northern District of California

2

1    judgment in plaintiff's favor in this case would necessarily invalidate his conviction or sentence.

2    Id. If it would, the complaint must be dismissed unless the plaintiff can show that the conviction

3    or sentence has been invalidated.  The allegations of plaintiff's complaint appear to implicate the

4    validity of plaintiff's state court conviction, and it is not clear that the conviction has been

5    invalidated.  For this reason, unless plaintiff can show that his conviction and sentence have been

6    invalidated, plaintiff may not proceed with claims regarding that conviction or sentence in this

7    action, and plaintiff should not include those allegations in any amended complaint he may elect

8    to file in this action.  If plaintiff's conviction is ever set aside, he may file a new civil rights action

9    asserting claims that his criminal proceedings were unconstitutional.

10           Second, plaintiff names Santa Clara County Chief of Corrections John Hirakawa and Santa

11   Clara County Sheriff's Agent Marian Aimonetti as defendants in this action.  However, liability

12   can only be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show

13   that the defendant's actions both actually and proximately caused the deprivation of a federally

14   protected right.  Lemire v. Cal. Dept. of Corrections & Rehabilitation, 726 F.3d 1062, 1085 (9th

15   Cir. 2013); Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).  Here, plaintiff does not link these

16   defendants to any action or inaction that would demonstrate that they are liable for any

17   wrongdoing.  Plaintiff may correct this deficiency in his amended complaint, if he can do so in

18   good faith.

19           Third, plaintiff names as a defendant the Records Supervisor for Santa Clara County Adult

20   Custody Hospital Services.  Plaintiff alleges that he never received a "complete copy" of his

21   medical records to contest his 2005 conviction.  Such allegations, if true, could implicate plaintiff's

22   constitutional right of access to the courts.  Prison inmates have a constitutionally protected right

23   to access the courts in order to bring challenges to their criminal convictions and to the conditions

24   of their confinement.  Lewis v. Casey, 518 U.S. 343, 354-55 (1996).  The complaint, in its current

25   form, is insufficient to state a claim for lack of access to the courts because plaintiff does not

26   allege actual injury such as the inability to meet a filing deadline or to present a non-frivolous

27   claim.  Lewis, 518 U.S. at 348-49, 352-53 & n. 3; Nevada Dept. of Corr. v. Greene, 648 F.3d

28   1014, 1018 (9th Cir. 2011); Silva, 658 F.3d at 1102-03.  Actual injury is a jurisdictional

United States District Court
Northern District of California

1   requirement and may not be waived.  Nevada Dept. Of Corr., 648 F.3d at 1018 (citing Lewis, 518

2   U.S. at 349).  Plaintiff may correct this deficiency in his amended complaint, if he can do so in

3   good faith.

4       Fourth, plaintiff names as a defendant his appointed attorney, Deputy Public Defender

5   Tanya Terry.  Plaintiff's sole allegation against Ms. Terry is that she was "a friend of the court"

6   and "never mounted any defense on [plaintiff's] behalf."  Compl. at 5.  It is well established that a

7   public defender does not act under color of state law, an essential element of an action under

8   Section 1983, when performing a lawyer's traditional functions, such as entering pleas, making

9   motions, objecting at trial, cross-examining witnesses, and making closing arguments.  Polk

10  County v. Dodson, 454 U.S. 312, 318-19 (1981).  It does not matter that the public defender failed

11  to exercise independent judgment or that he was employed by a public agency; it is the nature and

12  context of the function performed by the public defender that is determinative under Polk County.

13  Miranda v. Clark County, Nevada, 319 F.3d 465, 468 (9th Cir.) (en banc), cert. denied, 540 U.S.

14  814 (2003).  If plaintiff wants to pursue a claim against Ms. Terry for something other than

15  deficient legal representation, he should so allege in his amended complaint, if he can do so in

16  good faith.

17      Finally, the remaining defendant is Santa Clara County.  To impose liability under Section

18  1983 against a municipal entity such as Santa Clara County for a violation of constitutional rights,

19  a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was

20  deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate

21  indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force

22  behind the constitutional violation.  Plumeau v. School Dist. #40 County of Yamhill, 130 F.3d

23  432, 438 (9th Cir. 1997); see Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978).  Plaintiff

24  does not allege any policy by Santa Clara County that led to the alleged actions against him.

25  Plaintiff may correct this deficiency in his amended complaint, if he can do so in good faith.

26      If plaintiff wants to challenge his state court conviction or sentence in federal court, he

27  may file a petition for writ of habeas corpus after he exhausts state court remedies for each and

28  every claim he wishes to present to the federal court.  See Preiser v. Rodriguez, 411 U.S. 475, 500

United States District Court
Northern District of California

4

1  (1973) ("when a state prisoner is challenging the very fact or duration of his physical

2  imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or

3  a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus").  If

4  plaintiff has already filed a federal habeas petition attacking the same conviction and sentence, he

5  must first obtain from the United States Court of Appeals for the Ninth Circuit an order

6  authorizing this court to consider the petition.  See 28 U.S.C. § 2244(b)(3)(A).

**CONCLUSION**

7

8      For the foregoing reasons, the Court hereby orders as follows:

9      1.     Plaintiff's complaint is DISMISSED with leave to amend.

10     2.     If plaintiff can cure the pleading deficiencies described above, he shall file an

11  amended complaint within **twenty-eight (28)** days from the date this order is filed.  The amended

12  complaint must include the caption and civil case number used in this order (C 15-1931 JST (PR))

13  and the words AMENDED COMPLAINT on the first page.  Plaintiff may not incorporate material

14  from the prior complaint by reference.  Failure to file an amended complaint within twenty-eight

15  days and in accordance with this order will result in a finding that further leave to amend would be

16  futile and this action will be dismissed.

17     3.     Plaintiff is advised that an amended complaint supersedes the original complaint.

18  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in

19  the amended complaint."  London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).

20  Defendants not named in an amended complaint are no longer defendants.  See Ferdik v. Bonzelet,

21  963 F.2d 1258, 1262 (9th Cir. 1992).

22     4.     It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

23  Court informed of any change of address by filing a separate paper with the clerk headed "Notice

24  of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to

25  do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of

26  Civil Procedure 41(b).

27  / / /

28  / / /

United States District Court
Northern District of California

5

5.      Plaintiff's motion for a <u>Jackson v. Denno</u>[1] hearing is DENIED as such a hearing is not within the purview of a Section 1983 action.

This order terminates Docket No. 5.

**IT IS SO ORDERED.**

Dated:  August 31, 2015

_____
JON S. TIGAR
United States District Judge

United States District Court
Northern District of California

---

[1] <u>See</u> <u>Jackson v. Denno</u>, 378 U.S. 368, 391-94 (1964) (holding a defendant is constitutionally entitled to have the trial court determine whether a confession was freely and voluntarily given).

6